Model Plan                                                                                Trustee: ☐ Marshall   ☐ Meyer

Rev. 1/2009rj                                                                                    ☐ Stearns   ■ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 10-29846** |
| | ) | |
| Llyod Ehrenberg | ) | ☐ **Original Chapter 13 Plan** |
| Jan Ehrenberg | ) | |
| **Debtors.** | ) | ■ **Modified Chapter 13 Plan, dated 9/1/10** |

■    **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

| | |
|---|---|
| **A. Budget items** | **1.** As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2**; (b) their ages are ___; (c) total household monthly income is $ **9,890.66**; and (d) total monthly household expenses are $ **3,890.00**, leaving $ **6,000.66** available monthly for plan payments. |
| | **2.** The debtor's Schedule J includes $ **170.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case. |
| **B. General provisions** | **1.** The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G. |
| | **2.** Claims secured by a mortgage on real property of the debtor, set out in Paragraph 5 of Section E of this plan, shall be treated as follows: |

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in Paragraph 5 of Section E, the standing trustee shall file and serve upon the mortgagee, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee and the standing trustee, with the court resolving the challenge

1

as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**4.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

| | |
|---|---|
| **C.**<br>**Direct**<br>**payment of**<br>**claims by**<br>**debtor** | ■ The debtor will make no direct payments to creditors holding prepetition claims. */or/*<br>☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:<br>Creditor: **-NONE-** , monthly payment, $ _____ |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

| | |
|---|---|
| **D. Payments by debtor to the trustee; plan term and completion** | 1. *Initial plan term.* The debtor will pay to the trustee $ __6,000.00__ monthly for __60__ months [and $ __0__ monthly for an additional __0__ months], for total payments, during the initial plan term, of $ __360,000.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2. |
| **E. Disburse- ments by the trustee** | The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.50**% of plan payments; and during the initial plan term, totaling $ __19,800.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To creditor __Carrington Mortgage Services__ , monthly payments of $ __1,985.42__ . These payments, over the term of the plan, are estimated to total $ __119,125.20__ .
(b) To creditor __JP Morgan Chase Bank, NA__ , monthly payments of $ __748.08__ . These payments, over the term of the plan, are estimated to total $ __44,884.80__ .

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __164,010.00__ . [Enter this amount on Line 2b of Section H.] |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

3. *Other secured claims*. All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction with the consent of the creditor, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, with fixed monthly payments as specified below:

(a) Creditor:  **Chase Auto Finance**             Collateral: **2008 Chysler Sebring**
Amount of secured claim: $ **25,155.16**  APR **4** %    Fixed monthly payment: $ **567.98** ;
Total estimated payments, including interest, on the claim: $ **27,263.03**. ☐ Check if non-PMSI
(b) Creditor:  **Chrysler Financial**             Collateral: **2004 Jeep Liberty**
Amount of secured claim: $ **2,675.45**  APR **5.25** %    Fixed monthly payment: $ **80.49** ;
Total estimated payments, including interest, on the claim: $ **2,897.51**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **30,160.54** . [Enter this amount on Line 2c of Section H.]

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **2,274.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor  **Carrington Mortgage Services** , arrears of $ **40,697.35** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **40,697.35** .

(b) To creditor  **JP Morgan Chase Bank, NA** , arrears of $ **18,818.17** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **18,818.17** .

The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ **59,515.52** . [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.]

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __Sallie Mae__ shall be paid at __100__ % of the allowed amount. The total of all payments to this special class is estimated to be $__18,485.01__. [Enter this amount on Line 2g of Section H.]

Reason for the special class: __Co-signed__.

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __10__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. *Interest*. Interest ■ shall not be paid on unsecured claims /or/ interest ☐ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**   The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of a deficiency in plan payments: (1) trustee's authorized percentage fee; (2) current mortgage payments; (3) secured claims listed in Section E.3; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

| | | | |
|---|---|---|---|
| **G. Special terms** | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | | |
| **H. Summary of payments to and from the trustee** | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 360,000.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 19,800.00 | |
| | (b) Current mortgage payments | $ 164,010.00 | |
| | (c) Payments of other allowed secured claims | $ 30,160.54 | |
| | (d) Priority payments to debtor's attorney | $ 2,274.00 | |
| | (e) Payments of mortgage arrears | $ 59,515.52 | |
| | (f) Payments of non-attorney priority claims | $ 0.00 | |
| | (g) Payments of specially classified unsecured claims | $ 18,485.01 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 294,245.07 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 65,754.93 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 239,637.63 | |
| | (b) Minimum GUC payment percentage | 10 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 23,963.76 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 23,963.76 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 65,754.93 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -41,791.17 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **I. Payroll Control** | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |
| **Signatures:** | **Debtor(s) [Sign only if not represented by an attorney]** | | |
| | _____    _____    **Date** _____ | | |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

| | | | |
|---|---|---|---|
| **Debtor's Attorney** | /s/ Paul M. Bach | **Date** | September 1, 2010 |

| | |
|---|---|
| **Attorney Information (name, address, telephone, etc.)** | Paul M. Bach  06209530<br>Bach Law Offices<br>P.O. Box 1285<br>Northbrook, IL 60065<br>(847) 564-0808<br>Fax: (847) 564-0985 |

**Special Terms** *[as provided in Paragraph G]*

| |
|---|
| **Unsecured Claims filed after the claim bar date shall not be paid.** |

# CERTIFICATE OF NOTICE

```
District/off: 0752-1           User: mhenley                Page 1 of 2                  Date Rcvd: Sep 02, 2010
Case: 10-29846                 Form ID: pdf003              Total Noticed: 56

The following entities were noticed by first class mail on Sep 04, 2010.
db/jdb        +Lloyd Ehrenberg,    Jan Ehrenberg,    332 Skokie Court,    Wilmette, IL 60091-3032
aty           +Paul M Bach,    Law Offices of Paul M Bach,    P.O. Box 1285,    Northbrook, IL 60065-1285
15802479      +Blatt Hasenmiller,    125 S WACKER DR #400,    Chicago, IL 60606-4440
15802480      +Blitt & Gaines,    661 Glenn Ave,    Wheeling, IL 60090-6017
15802490     ++CHRYSLER FINANCIAL,    27777 INKSTER RD,    FARMINGTON HILLS MI 48334-5326
               (address filed with court: Chrysler Financial,     P.O. Box 9001921,    Louisville, KY 40290-1921)
15802491     ++CHRYSLER FINANCIAL,    27777 INKSTER RD,    FARMINGTON HILLS MI 48334-5326
               (address filed with court: Chrysler Financial,     PO Box 2993,    Milwaukee, WI 53201-2993)
15802483      +Capital One,    P.O. Box 85520,    Richmond, VA 23285-5520
15802481       Capital One,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
15802482       Capital One,    P.O. Box 5294,    Carol Stream, IL 60197-5294
15802486      +Capital One Bank,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
15802484       Capital One Bank,    P.O. Box 5294,    Carol Stream, IL 60197-5294
15802485       Capital One Bank,    P.O. Box 6492,    Carol Stream, IL 60197-6492
15994069       Capital One Bank (USA), N.A.,    by American Infosource Lp As Agent,    PO Box 71083,
                Charlotte, NC  28272-1083
15802487       Carrington Mortage Services, LLC,     P.O. Box 54285,    Irvine, CA 92619-4285
15802488       Carrington Mortgage Services,    P.O. Box 79001,    Phoenix, AZ 85062-9001
15869963      +Carrington Mortgage Services, LLC,     1610 East Saint Andrew Place, Suite B150,
                Santa Ana, CA 92705-4931
15802489      +ChexSystems,    Attn Consumer Relations,    7805 Hudson Road Suite 100,    Saint Paul, MN 55125-1703
15901595      +Chrysler Financial Services Americas, L.L.C., fka,     DaimlerChrysler Financial Services,
                Americas, L.L.C.,    C/O Riezman Berger, P.C.,    7700 Bonhomme, 7th Fl,    St. Louis, MO 63105-1960
15802492       Citi Advantage World Mastercard,     P.O. Box 688917,    Des Moines, IA 50368-8917
15802493      +Citibank USA,    Attn: Centraliized Bankruptcy,    PO Box 20507,    Kansas City, MO 64195-0507
15802494      +Dr Bell Stromberg Harris et al,    737 N. Michigan Avenue Suite 700,    Chicago, IL 60611-6662
15802495      +Equifax Information Services,    P.O. Box 740256,    Atlanta, GA 30374-0256
15802496      +Experian,    P.O. Box 2002,    Allen, TX 75013-2002
15802499      +Global Credit Collection Corp,    300 International Drive,    PMB #10015,    Buffalo, NY 14221-5781
15802498      +Global Credit Collection Corp,    P.O. Box 101928,    Birmingham, AL 35210-6928
15802497       Global Credit Collection Corp,    Capital One Bank,    PO Box 6492,    Carol Stream, IL 60197-6492
15802500      +Harris & Harris Ltd,    222 Merchandise Mart Plaza,Ste 1900,     Chicago, IL 60654-1421
15802501      +Hillco Rec,    5 Revere Drive,    Northbrook, IL 60062-1566
15802503     ++ILLINOIS DEPARTMENT OF REVENUE,    P O BOX 64338,    CHICAGO IL 60664-0338
               (address filed with court: Illinois Department of Revenue,     Bankruptcy Section,
                100 W. Randolph Street,    Chicago, IL 60606)
15802505     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,     PO BOX 21126,
                PHILADELPHIA PA 19114-0326
               (address filed with court: Internal Revenue Service,     P.O. Box 21126,    Philadelphia, PA 19114)
15802502      +Illinois Attorney General,    100 W. Randolph Street,    Chicago, IL 60601-3271
15802504      +Illinois Student Assistance Commiss,     P.O. Box 235,    Deerfield, IL 60015-0235
15802508      +JP Morgan Chase Bank, NA,    P.O. Box 44118,    Jacksonville, FL 32231-4118
15802507      +JP Morgan Chase Bank, NA,    Mail Code IL-0169,    131 S. Dearborn St, Floor 5,
                Chicago, IL 60603-5571
16063247      +JP Morgan Chase Bank, National Association,     c/o Codilis & Associates, P.C.,
                15w030 North Frontage Road, Suite 100,    Burr Ridge, IL 60527-6921
15853165       JPMorgan Chase Bank, N.A.,    Chase Auto Finance,    Mary Lautenbach,    AZ1-1191,
                201 N. Central Ave.,    Phoenix, AZ 85004-0073
15802509       Lincolnwood Jewish Congregation,    7117 North Crawford Avenue,    Lincolnwood, IL 60712-2399
15802510      +Northshore University Health System,     4901 Searle Parkway, Suite 330,    Skokie, IL 60077-5313
15802511       Northwestern Memorial Hospital,    P.O. Box 73690,    Chicago, IL 60673-7690
15802512      +OrthAssist, LLC,    28085 North Ashley Circle Suite 101,    Libertyville, IL 60048-9758
15802513       Pinnacle Management Services,    514 Market Loop, Suite 103,    Bloomingdale, IL 60108
15802515      +Premier Bank,    P.O. Box 988,    Harrisburg, PA 17108-0988
15802514      +Premier Bank,    P.O. Box 5147,    Sioux Falls, SD 57117-5147
16057931      +Premier Bankcard/ Charter,    P.O. Box 2208,    Vacaville, CA 95696-8208
16086488      +Salle Mae,    P O BOX 9533,    Wilkes Barre, PA 18773-9533
15802516      +Sallie Mae,    P.O. Box 9533,    Wilkes Barre, PA 18773-9533
15802517      +Sallie Mae,    11100 USA PKWY,    Fishers, IN 46037-9203
15802518       Stand Up MRI of Deerfield,    C/O Certfied Services, Inc.,    P.O. Box 177,
                Waukegan, IL 60079-0177
15802519       TransUnion,    P.O. Box 2000,    Crum Lynne, PA 19022
15802520      +United Collections Bureau,    5620 Southwyck Blvd, Suite 206,    Toledo, OH 43614-1501
15802522      +United States Department of Ed,    P.O. Box 105028,    Atlanta, GA 30348-5028
15802523       Washington Mutual,    WAMU Credit Services,    P.O. Box 660487,    Dallas, TX 75266-0487
15802524      +Windham Professionals,    P.O. Box 1048,    Salem, NH 03079-1048

The following entities were noticed by electronic transmission on Sep 02, 2010.
tr            +E-mail/Text: 341NOTICE@TVCH13.NET                             Tom Vaughn,
                200 South Michigan Ste 1300,    Chicago, IL 60604-2429
16086282      +E-mail/Text: bknotice@ncmllc.com                              National Capital Management, LLC.,
                8245 Tournament Drive,    Suite 230,    Memphis, TN 38125-1741,    USA
15802521      +E-mail/Text: bnc@ursi.com                                     United Recovery Systems LP,
                5800 North Course Drive,    Houston, TX 77072-1613
                                                                                              TOTAL: 3

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
15802506      Joshua Ehrenberg
16086487      Joshua Ehrenberg
                                                                                   TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
District/off: 0752-1          User: mhenley              Page 2 of 2              Date Rcvd: Sep 02, 2010
Case: 10-29846                Form ID: pdf003            Total Noticed: 56
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 04, 2010**           **Signature:**   _/s/ Joseph Speetjens_